UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSON MARCELO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AMAZON.COM,INC., et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-07843-JD<br><br>**ORDER RE TRANSFER** |

Plaintiffs are sixteen individuals from California who agreed to deliver packages for defendants Amazon.com, Inc. and Amazon Logistics, Inc. (together, Amazon), through a smartphone app called Amazon Flex. Dkt. No. 1 ¶¶ 1-20. Plaintiffs say that they were misclassified as independent contractors rather than Amazon employees. *Id.* ¶¶ 26-42. They allege a dozen federal and California labor law claims against Amazon. *Id.* ¶¶ 61-119.

Amazon has asked to compel arbitration of the claims and dismiss the complaint, or, in the alternative, to transfer, dismiss, or stay the case under the first-to-file rule. Dkt. No. 41. Transfer is ordered to the Western District of Washington.

**BACKGROUND**

This case is one of several lawsuits alleging that Amazon misclassified Amazon Flex delivery drivers as independent contractors. One of the first cases, *Rittmann v. Amazon.com, Inc.*, was filed in 2016 in the Western District of Washington. *See* No. 2:16-cv-01554-JCC, Dkt. No. 1 (W.D. Wash. Oct. 4, 2016). The *Rittmann* plaintiffs allege claims against Amazon under federal and California labor laws, and other state labor laws, and seek to represent a class of "all delivery drivers who have contracted directly with Amazon to provide delivery services in California between three years since they brought this complaint and the date of final judgment in this

1    matter." *Id.* Dkt. No. 188 ¶ 62 (W.D. Wash. Dec. 20, 2021). The docket in *Rittmann* indicates

2    that class certification proceedings are upcoming. *See id.* Dkt. No. 237 (W.D. Wash. Oct. 11,

3    2022) (ordering that plaintiffs may file a motion for class certification by February 24, 2023).

4          The *Rittmann* court denied Amazon's first motion to compel arbitration. 383 F. Supp. 3d

5    1196 (W.D. Wash. 2019). The court concluded that the plaintiffs were engaged in interstate

6    commerce as delivery drivers and consequently exempt from the Federal Arbitration Act, 9 U.S.C.

7    § 1. *Id.* at 1201-02. It also held that the plaintiffs' contracts did not indicate that the arbitration

8    provision was enforceable under state law. *Id.* at 1202-03. The Ninth Circuit affirmed, and the

9    Supreme Court denied review. 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021).

10         The *Rittmann* court permitted Amazon to file a renewed motion to compel arbitration after

11   the Supreme Court decided *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022), and the

12   renewed motion is under submission. *See Rittmann*, No. 2:16-cv-01554-JCC, Dkt. No. 247 (W.D.

13   Wash. Dec. 19, 2022).

## DISCUSSION

15         Under the first-to-file rule, the Court may dismiss, transfer, or stay a case "if a similar case

16   with substantially similar issues and parties was previously filed in another district court." *Kohn*

17   *Law Grp. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *see also Alltrade,*

18   *Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). The rule serves judicial

19   efficiency, "economy, consistency, and comity." *Kohn*, 787 F.3d at 1239-40 (internal quotation

20   omitted). It is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied

21   with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic,*

22   *Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). To determine whether to apply the first-to-file rule, the

23   Court evaluates (1) the "chronology of the lawsuits," (2) the "similarity of the parties," and (3) the

24   "similarity of the issues." *Kohn*, 787 F.3d at 1240.

25         All of these factors, and an overall concern for fairness and efficiency, warrant a transfer of

26   this action to the Western District of Washington. *Rittmann* was filed well before this case and

27   involves nearly identical parties and issues. The defendants are the same, plaintiffs here are

1   members of *Rittmann*'s putative California class, and the claims are based on the same theory of
2   misclassification.
3       Plaintiffs object to a transfer on the ground that the "*Rittmann* plaintiffs are not seeking
4   recovery for unlawful deductions, as this case does, and *does* seek recovery for sick leave, which
5   this case does not." Dkt. No. 44 at 21 (emphasis in original). That may be, but the issues "need
6   not be identical, only substantially similar," *see Kohn*, 787 F.3d at 1240, and the fact that the cases
7   do not overlap exactly does not weigh substantially against a transfer.
8       Plaintiffs also say that "there is not similarity of the parties as *Rittmann* is a class action
9   while this is an individual action." Dkt. No. 44 at 21. This point is also not well taken. The
10  "first-to-file rule requires only substantial similarity of the parties," not "exact identity of the
11  parties." *Kohn*, 787 F.3d at 1240. Plaintiffs do not contend that they would not be within
12  *Rittmann*'s putative class if certified, and they are certainly free to opt out if they so choose.
13      Consequently, a transfer to Washington best serves judicial efficiency, economy, and
14  fairness. Other courts in this District have reached the same conclusion in similar lawsuits. *See,*
15  *e.g.*, *Keller v. Amazon.com, Inc.*, No. 17-cv-02219-RS, 2019 WL 13113043, at *2 (N.D. Cal. Oct.
16  23, 2019); *Hoyt v. Amazon.com, Inc.*, No. 19-cv-00218-JSC, 2019 WL 141122, at *8 (N.D. Cal.
17  Mar. 28, 2019). It is also worth noting that the same conclusion would be readily reached under
18  28 U.S.C. § 1404(a). *See Bride v. Snap Inc.*, No. 21-cv-03473-JD, 2021 WL 3493662, at *1 (N.D.
19  Cal. Aug. 9, 2021) (discussing "the traditional Section 1404 factors" that are applied "to evaluate
20  whether a transfer of venue would be more convenient to the parties and the witnesses and would
21  promote the interests of justice") (internal quotation omitted).

## CONCLUSION

The case is transferred to the Western District of Washington.

**IT IS SO ORDERED.**

Dated: January 27, 2023

JAMES DONATO
United States District Judge

3